

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00296-CV

**IN THE INTEREST OF I. J. P.**, a Child

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-00001
Honorable Martha B. Tanner, Judge Presiding

Opinion by: Irene Rios, Justice

Sitting: Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed: October 17, 2018

AFFIRMED

Appellant Mother and appellant Father separately appeal the trial court's order terminating their parental rights to their child, I.J.P.[1] The only issue presented by Mother is whether the evidence is legally and factually sufficient to support the trial court's finding that termination was in the child's best interest. Father also challenges the sufficiency of the evidence supporting that the termination of his parental rights was in the child's best interest. Additionally, Father contends the trial court erred by granting the intervenors' motion for reconsideration. We affirm the trial court's order.

---

[1] To protect the identity of a minor child in an appeal from an order terminating parental rights, we refer to the parents as "Mother" and "Father" and the child by its initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

## BACKGROUND

On January 3, 2017, the Texas Department of Family and Protective Services ("Department") filed its original petition to terminate parental rights. In the supporting affidavit, Department caseworker Robert Maulden states the Department received a referral on December 30, 2016, alleging that Mother tested positive for amphetamines at the time of I.J.P.'s birth. According to the affidavit, I.J.P. also tested positive for the presence of amphetamines shortly after his birth. Maulden interviewed Mother on December 30, 2016, at which time Mother admitted to using methamphetamine during her pregnancy with I.J.P. Specifically, Mother admitted to a six-month history of methamphetamine use and indicated she used methamphetamine three days prior to giving birth.

Although Mother's husband is listed as the presumed father in the Department's paperwork, Mother stated her husband was not the biological parent of I.J.P. Mother identified Father as I.J.P.'s biological parent. A paternity test later confirmed I.J.P.'s paternity.

The trial court held permanency hearings on September 21, 2017 and December 12, 2017.[2] A bench trial on the merits occurred on February 12, 2018. At the time of the bench trial, I.J.P. was thirteen months' old. Department legal caseworker Yolanda Martinez testified I.J.P. was currently placed in a foster home that met his needs. According to Martinez, the Department's long-term goal was non-relative adoption by the foster parents, with whom Martinez testified I.J.P. was "extremely bonded."

The Judge's Notes, which were filed on February 15, 2018, indicate the trial court intended to order termination of Mother's parental rights and to order monitored return of I.J.P. to Father. On February 22, 2018, intervenors – I.J.P.'s foster parents – filed a Motion for Rehearing and

---

[2] The permanency hearings were held before the Honorable Charles Montemayor, Presiding Judge.

Motion for Clarification, requesting the trial court hear "evidence that was not presented to the Court during trial, namely, evidence of [Father's] recent criminal history." The trial court granted the motion and held a hearing on March 28, 2018.

On May 4, 2018, the trial court signed an order terminating both Mother's and Father's parental rights.

**STANDARD OF REVIEW AND STATUTORY REQUIREMENTS**

To terminate parental rights pursuant to section 161.001 of the Texas Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. See TEX. FAM. CODE ANN. §§ 161.001, 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found evidence of three predicate grounds to terminate Mother's parental rights[3] and one predicate ground to terminate Father's parental rights.[4] The trial court also found termination of both Mother's and Father's parental rights was in the best interest of the child.

When reviewing the sufficiency of the evidence, we apply the well-established standards of review. *See* TEX. FAM. CODE ANN. §§ 101.007, 161.206(a); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (factual sufficiency); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (legal sufficiency).

---

[3] The trial court found evidence Mother

> failed to comply with the provisions of a court order[;] … used a controlled substance … in a manner that endangered the health or safety of the child, and (1) failed to complete a court-ordered substance abuse treatment program[,] or (2) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance[;] … [and was] the cause of the child being born addicted to alcohol or a controlled substance … .

See TEX. FAM. CODE ANN. § 161.001(b)(1)(O), (P), (R).

[4] The trial court found evidence Father "failed to comply with the provisions of a court order. …" *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(O).

## BEST INTERESTS

In determining whether a child's parent is willing and able to provide the child with a safe environment, we consider the factors set forth in Family Code section 263.307(b). *See* TEX. FAM. CODE ANN. § 263.307(b). We also apply the non-exhaustive *Holley* factors to our analysis.[5] *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Evidence that proves one or more statutory ground for termination may also constitute evidence illustrating that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (holding same evidence may be probative of both section 161.001(b)(1) grounds and best interest, but such evidence does not relieve the State of its burden to prove best interest). "A best interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as the direct evidence." *See In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied). "A trier of fact may measure a parent's future conduct by his past conduct and determine whether termination of parental rights is in the child's best interest." *Id*.

## MOTHER'S APPEAL

Mother contends the evidence is legally and factually insufficient to support the trial court's determination that termination of her parental rights is in I.J.P.'s best interest. Mother testified at the bench trial that during the pendency of the case she gave birth to another child, which is not a subject of this suit. Very shortly before giving birth to the baby, Mother moved into Guadalupe Home, where she was working on the programs assigned by the Department. Mariel Luna, the program director, described Guadalupe Home as a residential, transitional program for mothers

---

[5] These factors include: (1) the child's desires; (2) the child's present and future emotional and physical needs; (3) any present or future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist the individuals seeking custody to promote the child's best interest; (6) the plans for the child by the individuals or agency seeking custody; (7) the stability of the home or proposed placement; (8) the parent's acts or omissions which may indicate that the existing parent-child relationship is improper; and (9) any excuse for the parent's acts or omissions. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *In re E.C.R.*, 402 S.W.3d 239, 249 n.9 (Tex. 2013).

trying to get back on their feet. Luna testified residents who complied with all the program's requirements were able to stay in Guadalupe Home until their child was three years' old. According to Luna, Mother would be able to stay in Guadalupe home for approximately three years. Luna further testified Mother engaged in classes at Guadalupe Home.

Martinez, who became involved with the case in January 2017, testified the Department received a referral because Mother and I.J.P. both tested positive for the presence of a controlled substance, methamphetamine, at I.J.P.'s birth. *See In re. L.G.R.*, 498 S.W.3d 195, 206 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (noting that the mother's drug use during pregnancy weighed in favor of the trial court finding termination to be in the child's best interest). Martinez indicated I.J.P. experienced withdrawal symptoms, including muscle stiffness and tremors. Martinez further testified Mother did not complete her service plan, which was assigned "right after January." According to Martinez, Mother failed to complete drug treatment, individual therapy, or parenting and domestic violence classes. *See In re E.C.R.*, 402 S.W.3d 239, 249 (Tex. 2013) (evidence that the appellant failed to comply with the court-ordered service plan supported the trial court's best-interest determination). Martinez further testified Mother had not maintained communication with the Department, which resulted in the Department not knowing where Mother was living. Finally, Martinez testified Mother tested positive for the use of drugs during the pendency of the case. *See In re. L.G.R.*, 498 S.W.3d at 204 ("A parent's drug use supports a finding that termination is in the best interest of the child.").

Having reviewed the record and considered all the evidence in the appropriate light for each standard of review, we conclude the trial court could have formed a firm belief or conviction that termination of Mother's parental rights was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re H.R.M.*, 209 S.W.3d at 108; *In re J.P.B.*, 180 S.W.3d at 573; *see also*

*generally In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (recognizing an appellate court need not detail the evidence if affirming a termination judgment).

Mother's sole issue on appeal is overruled.

FATHER'S APPEAL

**Intervenors' Motion for Rehearing**

In his first issue, Father contends the trial court erred by hearing and granting the intervenors' motion for rehearing, in which the intervenors requested the trial court hear evidence that was not presented during the bench trial.

Trial courts have broad discretion to permit additional evidence to be offered at any time when it clearly appears necessary to the administration of justice. *See* TEX. R. CIV. P. 270; *Gurka v. Gurka*, 402 S.W.3d 341, 349 (Tex. App.—Houston [14th Dist.] 2013, no pet.). A trial court's decision to reopen the evidence will be disturbed on appeal only in those cases where it is shown that there has been a clear abuse of discretion. *Forrest v. Hanson*, 424 S.W.2d 899, 907 (Tex. 1968); *see also Lifestyle Mobile Homes v. Ricks*, 653 S.W.2d 602, 604 (Tex. App.—Beaumont 1983, writ ref'd n.r.e.). The trial court's discretion is to be liberally exercised in the interest of justice so that all parties can fully develop their case. *Lifestyle Mobile Homes*, 653 S.W.2d at 604.

To present a complaint for appellate review, the record must show that (1) the complaint was presented to the trial court by a timely request, objection, or motion stating the specific grounds for the desired ruling if the specific grounds are not apparent from the context; and (2) the trial court ruled on the request. TEX. R. APP. P. 33.1(a). Here, Father did not object to the trial court's order granting the intervenor's motion for rehearing to consider additional evidence. By failing to make the trial court aware of his complaint regarding re-opening the evidence, Father has waived his challenge to the trial court's consideration of the evidence and granting the intervenor's motion based upon that evidence. *See In re. K.E.*, No. 07-13-00082-CV, 2013 WL

4733999, at *2-*3 (Tex. App.—Amarillo 2013, no pet.) (mem. op.) (holding appellant failed to preserve issue that trial court sua sponte considered evidence it received post trial after parties rested and closed evidence when she raised issue for first time on appeal).

Accordingly, we overrule Father's first issue on appeal.

### Sufficiency of the Evidence

In his second and third issues, Father challenges the sufficiency of the evidence supporting the trial court's determination that termination of his parental rights is in the child's best interest.

During the trial on the merits, licensed counselor Carlos Castillo Nunez testified he saw Father from the beginning of October 2017 through mid-December 2017. According to Nunez, Father had two "no-shows" during that time, and as of the time of trial in February 2018, Nunez had not heard from Father since December 2017. Nunez testified Father had been making progress, but Nunez admitted he could not provide a recommendation to the trial court because he had no current knowledge of Father's home or employment. Nunez further testified that, to his knowledge, Father had never tested positive for the use of drugs on a urinalysis ("UA") exam. Nunez agreed he was concerned Father lacked some necessary skills to parent a young child.

Department caseworker Martinez testified Father had not completed his service plan, specifically noting Father failed to complete individual therapy. Martinez further testified that although Father informed her the day of the trial he had arranged housing, in the past, the stability of Father's housing was a concern. Martinez explained Father previously lived in a motel and in his car, and when Father stated he had leased housing, Father was unable to provide any documentation to support he had stable housing. Additionally, according to Martinez, Father failed to provide any documentation of employment. Martinez also testified the Department was concerned regarding Father's possible drug use. According to Martinez, Mother stated that Father

introduced her to drug use. Martinez further testified that Father refused to submit to drug testing on three different occasions.

I.J.P.'s paternal grandfather testified Father moved into the grandfather's home. The paternal grandfather further testified he would help supervise Father. However, during the hearing held on March 28, 2018, the trial court heard evidence that the paternal grandfather's job requires him to sometimes travel out-of-town for work. The grandfather testified that when he is away for work, his wife, ex-wife, and daughter were available to support Father. Also during that hearing, caseworker Martinez testified there were still concerns regarding Father's independent skills to care for I.J.P., as well as concerns, based upon her observations, regarding the ability and willingness of Father's family to provide support. Martinez additionally expressed concerns that Father had not provided a plan for I.J.P.'s care for when I.J.P. was in Father's care.

Father's sister testified that although Father had engaged in drug use and had "instability" in the past, he had improved. The sister additionally testified that she "can tell" from Father's recent behavior that Father no longer engages in drug use. The sister further testified that, although she is not available as a placement option for I.J.P., she is able to help Father however he may need help. During her testimony, Martinez acknowledged that Father's employment and housing had stabilized within the preceding month. *See In re J.O.A.*, 283 S.W.3d 336, 346 (Tex. 2009) (indicating that evidence of short-lived improved conduct does not conclusively negate a negative history). However, Father still had not completed his service plan; Father had not engaged in individual therapy since December 2017. *See In re E.C.R.*, 402 S.W.3d at 249 (evidence that the appellant failed to comply with the court-ordered service plan supported the trial court's best-interest determination).

Having reviewed the record and considered all the evidence in the appropriate light for each standard of review, we conclude the trial court could have formed a firm belief or conviction

that termination of Father's parental rights was in the child's best interest.  *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re H.R.M.*, 209 S.W.3d at 108; *In re J.P.B.*, 180 S.W.3d at 573; *see also generally In re A.B.*, 437 S.W.3d at 503.

Father's second and third issues are overruled.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's order terminating the parental rights of both Mother and Father.

Irene Rios, Justice